UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80448-CV-Marra/Matthewman

ROBERT HELLER AND CAROL HELLER,

    Plaintiffs,

vs.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

## ORDER REQUIRING PRODUCTION OF PRE-LITIGATION SERVICE AGREEMENT RELATING TO PLAINTIFFS' EXPERT AFTER *IN CAMERA* REVIEW

THIS CAUSE was previously before the Court upon Defendant, Metropolitan Casualty Insurance Company's ("Defendant") Motion to Compel Plaintiffs to Respond to Defendant's Initial Discovery ("Motion") [DE 11]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 8.

The Court held a hearing on the Motion on January 2, 2020. The Court then promptly entered an Order [DE 23] on the Motion and required, in relevant part, that Plaintiffs, Robert Heller and Carol Heller ("Plaintiffs"), submit for *in camera* review the agreement between Plaintiffs and Insurance Litigation Group, P.A., pertaining to the services of Baruch Bar-Chaim. On January 3, 2020, Plaintiffs' counsel submitted the agreement for *in camera* review to chambers, as required.

The Court has carefully reviewed the one-page document. In open court, Plaintiffs' counsel objected to producing the document on the basis of attorney-client and/or work-product

1

privilege. He explained that the agreement at issue is between Plaintiffs and their law firm, Insurance Litigation Group, for pre-litigation services. According to Plaintiffs' counsel, the agreement provides Mr. Bar-Chaim, who is a loss consultant and not a public adjuster, employed by the law firm, with a 10%-prelitigation fee for his services. Plaintiffs' counsel represented that Mr. Bar-Chaim has already fulfilled his contractual obligations. Plaintiffs' counsel further explained that Plaintiffs will rely on Mr. Bar-Chaim as an expert witness at trial and that he will also testify regarding damages.

First, the Court finds that the agreement at issue is relevant pursuant to Federal Rule of Civil Procedure 26(b)(1). The document at issue specifies the financial remuneration to Plaintiffs' expert witness, Mr. Bar-Chaim. The law is clear that the amount of money an expert witness has been paid or will be paid is relevant to the fact-finder's credibility determination. *See* Pattern Civ. Jury Instr. 11th Cir. 3.6.2 (2019) ("When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income."). Moreover, Federal Rule of Civil Procedure 26(a)(2)(B)(iv) explicitly requires that expert witness reports include a "statement of the compensation to be paid for the study and testimony in the case." Case law additionally establishes the relevance of an expert witness's compensation. *See, e.g. Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 5505415, at *2 (S.D. Fla. Oct. 21, 2008) ("Introduction of [expert witness's] compensation is widely recognized as proper impeachment."). In light of Plaintiffs' counsel's representation that Plaintiffs plan on calling Mr. Bar-Chaim as an expert witness at trial and in light of counsel's representation that the agreement at issue provides Mr. Bar-Chaim with 10% of Plaintiffs' proceeds of the case, the agreement is clearly relevant.

Second, Plaintiffs did not raise any privilege objections in response to Defendant's Request for Production #21, which sought "[a]ll documents, by from and/or to any public adjuster, loss consultant, roofer, engineer, or appraiser concerning the subject matter of the Complaint." Plaintiffs also failed to produce a privilege log. Therefore, all objections have been waived pursuant to Federal Rule of Civil Procedure 33(b)(4) and Local Rule 26.1(e). *Turner v. Trans Union, LLC*, No. 18-CV-80938, 2019 WL 2709000, at *1 (S.D. Fla. June 21, 2019); *Kennedy v. Batmasian*, No. Case No., 15-81353-CIV, 2016 WL 824571, at *2 (S.D. Fla. Feb. 26, 2016) ("Failure to timely object to discovery requests waives a party's objections to the requests unless good cause has been shown.").

Third, even if the attorney-client privilege did initially protect the agreement[1] and had not been waived by Plaintiffs' failure to properly object to discovery and failure to produce a privilege log, Plaintiffs would have waived any privilege by putting Mr. Bar-Chaim's credibility at issue in the case. *Bivins v. Rogers*, No. 15-CV-81298, 2017 WL 1535110, at *3 (S.D. Fla. Apr. 27, 2017) ("a party generally waives the attorney-client privilege if the party "injects the very issue which requires testimony from his attorney.") (quoting *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007)). As stated above, one factor to consider in determining an expert witness' credibility is how much that expert is being paid by the party who retained the expert.

---

[1] The Court is in no way making a finding that the attorney-client privilege would necessarily ever protect such an agreement. Moreover, documents that simply contain factual information pertaining to attorney's fees are not protected by the attorney-client privilege. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2013 WL 12094636, at *2 (S.D. Fla. Aug. 9, 2013); *Armor Screen Corp. v. Storm Catcher, Inc.,* No. 07-81091-CIV, 2009 WL 2767664, at *2 (S.D. Fla. Aug. 31, 2009) ("the communication of factual information, such as reports containing a litigation's status, fee agreements, and retainer agreements are generally not protected by the attorney-client privilege") (*citing O'Neal v. United States,* 258 F. 3d 1265, 1276 (11th Cir. 2001)) ("it is the law of this Circuit that information involving receipt of attorneys' fees from a client is not generally privileged").

Plaintiffs' counsel represented in open court that Plaintiffs intended to call Mr. Bar-Chaim as an expert witness at trial.

Fourth, "retainer agreements are not treated as protected work product in federal court." *Eldredge v. Edcare Mgmt., Inc.*, No. 12-61984-CIV, 2013 WL 12131898, at *1 (S.D. Fla. Apr. 2, 2013). However, even if the agreement at issue were protected by the work-product doctrine, "work product prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship", *Kehle v. USAA Cas. Ins. Co.*, No. 17-80447-CV, 2018 WL 2435176, at *4 (S.D. Fla. May 30, 2018), *objections overruled*, No. 17-80447-CIV, 2019 WL 1429674 (S.D. Fla. Mar. 25, 2019), and Defendant has made a sufficient showing of need and hardship.

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs shall produce the agreement they have submitted for *in camera* review to Defendant on or before January 9, 2020. If Baruch Bar-Chaim's deposition is set for a date prior to January 9, 2020, Plaintiffs shall produce the agreement to Defendant at least 24 hours before the scheduled deposition.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of January, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge